Gary L. Eastman, Esq. (CSB #182518)
Eastman & McCartney, LLP
401 West A Street, Suite 1785
San Diego, CA 92101
(619) 230-1144
Attorney for Plaintiff
HELIX ENVIRONMENTAL PLANNING, INC.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELIX ENVIRONMENTAL PLANNING, INC. a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HELIX ENVIRONMENTAL AND STRATEGIC SOLUTIONS, a California Corporation,<br><br>Defendant. | **'18CV2000 AJB NLS**<br>COMPLAINT FOR:<br>(1) SERVICE MARK INFRINGEMENT (15 U.S.C. § 1114);<br>(2) SERVICE MARK AND TRADE NAME INFRINGEMENT, UNFAIR COMPETITION, PASSING OFF, AND FALSE DESIGNATION OF ORIGIN, (15 U.S.C. § 1125(a));<br>(3) CYBERSQUATTING (15 U.S.C. § 1125(d));<br>(4) UNFAIR, UNLAWFUL, AND DECEPTIVE BUSINESS PRACTICES IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *ET SEQ.*; and<br>(5) SERVICE MARK AND TRADE NAME INFRINGEMENT, AND UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA COMMON LAW.<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR SERVICE MARK
INFRINGEMENT AND OTHER CLAIMS AND
DEMAND FOR JURY TRIAL                    1

Plaintiff, HELIX ENVIRONMENTAL PLANNING, INC., by and through its counsel, alleges as follows:

## THE PARTIES

1.     Plaintiff HELIX ENVIRONMENTAL PLANNING, INC. (hereinafter "PLAINTIFF" or "HELIX ENVIRONMENTAL PLANNING") is a California corporation and having its principal corporate office at 7578 El Cajon Boulevard, La Mesa, California 91942.

2.     Defendant HELIX ENVIRONMENTAL AND STRATEGIC SOLUTIONS (hereinafter "DEFENDANT" or "HELIX ENVIRONMENTAL AND STRATEGIC SOLUTIONS") is a California corporation, having its principal corporate office at 19360 Rinaldi Street, Porter Ranch, California 91326.

3.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendant DOES 1 through 20, inclusive, are unknown to PLAINTIFF, who therefore sues said defendants by such fictitious names.  Any reference in this Complaint to the actions or inactions of any defendant, whether such reference is made to such defendant by specific name or otherwise, is also a reference to the actions or inactions of DOES 1 through 20, inclusive.

## JURISDICTION AND VENUE

4.     The Court has subject matter jurisdiction over this action under Sections 1331 (federal question jurisdiction), 1338(a) and 1338(b) (trademark infringement and unfair competition), and 1367(a) (supplemental jurisdiction over claims arising under California's statutory and common laws) of the United States Code, 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a), and under 15 U.S.C. §§ 1114, 1117, 1125(a) and 1125(d).

5.     Upon information and belief, the Court has personal jurisdiction over DEFENDANT because DEFENDANT either resides in California or does business in California.  In addition, the claims alleged herein arise from

DEFENDANT's acts in the State of California including the County of San Diego, and which have caused damage to PLAINTIFF in the state of California.

6.      Upon information and belief, Defendant advertises and performs services within San Diego County, and thus venue is proper in this judicial district under Sections 1391(b)(1) through 1391(b)(3) of the United States Code, 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## BACKGROUND
## PLAINTIFF'S "HELIX ENVIRONMENTAL PLANNING"
## Service Mark and Trade Name

7.      PLAINTIFF is a company that specializes in providing high-quality environmental consulting services to private and public clients.  PLAINTIFF is well recognized today by the trade and public as a provider of a broad range of environmental compliance services through California and the western United States.

8.      On October 7, 1991, PLAINTIFF began using the HELIX ENVIRONMENTAL PLANNING service mark and trade name in commerce in connection with providing its services, including business consulting in the field of environmental management, namely, advising businesses and individuals in issues of environmental impact, conservation, preservation and protection, and environmental services, namely, technical consultation in the fields of environmental science.

9.      On January 11, 1999, PLAINTIFF registered the domain name www.helixepi.com, and began using the domain name to advertise and promote its services under and in connection with the HELIX ENVIRONMENTAL PLANNING service mark and trade name.

10. At least as early as 2002, PLAINTIFF has also been using its abbreviated mark HELIX ENVIRONMENTAL in commerce in connection with providing its services.

11. On January 31, 2012, PLAINTIFF began using its abbreviated mark HELIX ENVIRONMENTAL as the name on its twitter account (@HELIXepi).

12. The service mark and trade name HELIX ENVIRONMENTAL PLANNING has been in continuous use by PLAINTIFF since 1991.

13. The Internet domain www.helixepi.com has been in continuous use by PLAINTIFF since 1999.

14. The abbreviated trade name HELIX ENVIRONMENTAL has been in continuous use by PLAINTIFF since at least 2002.

15. PLAINTIFF owns the HELIX ENVIRONMENTAL PLANNING service mark and trade name, the www.helixepi.com domain name, and the HELIX ENVIRONMENTAL twitter name dating back to 1991, 1999, and 2012, respectively.

16. PLAINTIFF has been continuously using the HELIX ENVIRONMENTAL PLANNING service mark and trade name, the www.helixepi.com domain name, and the abbreviated HELIX ENVIRONMENTAL trade name dating back to 1991, 1999, and 2002, respectively, in conjunction with its services.

17. Due to PLAINTIFF'S longstanding and extensive use and advertising of the HELIX ENVIRONMENTAL PLANNING service mark and trade name, the HELIX ENVIRONMENTAL PLANNING service mark and trade name has come to be and is now recognized and relied upon by the trade and public as identifying and distinguishing the services and business reputation of PLAINTIFF.

18.     The HELIX ENVIRONMENTAL PLANNING service mark and trade name is distinctive and represents the valuable goodwill and reputation belonging exclusively to PLAINTIFF.

19.     Due to PLAINTIFF'S longstanding and extensive use and advertising of the abbreviated HELIX ENVIRONMENTAL service mark and trade name, the abbreviated HELIX ENVIRONMENTAL service mark and trade name has come to be and is now recognized and relied upon by the trade and public as identifying and distinguishing the services and business reputation of PLAINTIFF.

20.     The abbreviated HELIX ENVIRONMENTAL service mark and trade name is distinctive and represents the valuable goodwill and reputation belonging exclusively to PLAINTIFF.

21.     On September 21, 2017, PLAINTIFF applied to register the service mark HELIX ENVIRONMENTAL PLANNING with the United States Patent and Trademark Office ("USPTO"), Application Serial No. 87/618,013.

22.     The HELIX ENVIRONMENTAL PLANNING federal service mark registered on June 19, 2018, Registration No. 5,496,057 and PLAINTIFF is the sole owner of the registration.  Attached hereto as **Exhibit A** is a true and correct copy of the registration.

## DEFENDANT HELIX ENVIRONMENTAL AND STRATEGIC SOLUTIONS' Wrongful Conduct

23.     Upon information and belief, DEFENDANT HELIX ENVIRONMENTAL AND STRATEGIC SOLUTIONS first incorporated under the laws of the State of California on February 8, 2016.

24.     On or after February 8, 2016, DEFENDANT began using the name HELIX ENVIRONMENTAL in connection with advertising, offering, and rendering environmental services in commerce.

25.     On or after February 8, 2016, DEFENDANT began using the domain name www.helixenvironmental.com in connection with advertising, offering, and rendering of its environmental consulting services.

26.     Upon information and belief, DEFENDANT is in the business of advertising, offering, and rendering environmental services throughout southern California serving Los Angeles, Ventura, Kern, Riverside, San Diego and San Bernardino counties.

27.     DEFENDANT's use the term "HELIX ENVIRONMENTAL" and www.helixenvironmental.com domain name in connection with advertising, offering, and rendering environmental services that are identical or confusingly similar to the services advertised, offered, and rendered by PLAINTIFF under the HELIX ENVIRONMENTAL PLANNING service mark and trade name.

28.     PLAINTIFF never consented to or authorized DEFENDANT's use of the term "HELIX ENVIRONMENTAL" or the domain name www.helixenvironmental.com in connection with advertising, offering, and/or rendering environmental services.

29.     DEFENDANT's unauthorized use of the term "HELIX ENVIRONMENTAL" and the domain name www.helixenvironmental.com in connection with advertising, offering, and rendering environmental services is likely to cause confusion as to whether DEFENDANT'S services and business reputation originate from or are somehow sponsored or endorsed by or affiliated with PLAINTIFF.

30.     The environmental services advertised, offered, and rendered by DEFENDANT under and in connection with the term "HELIX ENVIRONMENTAL" and the domain name www.helixenvironmental.com are directed to the same or similar consumers of PLAINTIFF'S services, and through the same or similar channels of trade as are used by PLAINTIFF to advertise,

COMPLAINT FOR SERVICE MARK
INFRINGEMENT AND OTHER CLAIMS AND
DEMAND FOR JURY TRIAL                    6

offer, and render its services under and in connection with its HELIX ENVIRONMENTAL PLANNING service mark and trade name.

31.     Upon information and belief, DEFENDANT's use of the term "HELIX ENVIRONMENTAL" and the domain name www.helixenvironmental.com in connection with advertising, offering, and rendering environmental services is intentional, malicious, willful, and/or with reckless disregard for PLAINTIFF's longstanding intellectual property rights in the HELIX ENVIRONMENTAL PLANNING service mark and trade name.

## FIRST CAUSE OF ACTION
## Service Mark Infringement in Violation of 15 U.S.C. §1114(1)

32.     PLAINTIFF incorporates herein by reference each and every allegation in the preceding paragraphs.

33.     DEFENDANT had either actual or constructive knowledge of PLAINTIFF's, ownership and use of the HELIX ENVIRONMENTAL PLANNING service mark long before DEFENDANT adopted and began using the term "HELIX ENVIRONMENTAL" and the domain name www.helixenvironmental.com, in connection with advertising, offering, and rendering environmental services.

34.     DEFENDANT's use of the term "HELIX ENVIRONMENTAL" and in connection with advertising, offering, and rendering environmental services is an attempt to trade off the goodwill, reputation, and rendering power established by PLAINTIFF under the HELIX ENVIRONMENTAL PLANNING service mark and trade name, and is an attempt to create a false impression of association with PLAINTIFF.

35.     The services advertised, offered, and rendered by DEFENDANT under and in connection with the term "HELIX ENVIRONMENTAL" and the

COMPLAINT FOR SERVICE MARK
INFRINGEMENT AND OTHER CLAIMS AND
DEMAND FOR JURY TRIAL                    7

domain name www.helixenvironmental.com move through the same or similar channels of distribution and to the same or similar consumer groups as the services that are advertised, offered, and rendered by PLAINTIFF under and in connection with the HELIX ENVIRONMENTAL PLANNING service mark and trade name.

36.     The services advertised, offered, and rendered by DEFENDANT under and in connection with the term "HELIX ENVIRONMENTAL" and the domain name www.helixenvironmental.com are inferior to the services that are offered and rendered by PLAINTIFF under and in connection with the HELIX ENVIRONMENTAL PLANNING service mark and trade name.

37.     DEFENDANT's continued unauthorized use of the term "HELIX ENVIRONMENTAL" and the domain name www.helixenvironmental.com to advertise, offer, and render environmental services is likely to cause consumers to be confused as to the source, nature, and quality of services of DEFENDANT, and likely to falsely indicate to consumers that their services originate from, or are in some manner connected with, sponsored by, affiliated with, or related to PLAINTIFF, and/or the services advertised, offered, and rendered by PLAINTIFF.

38.     DEFENDANTS' continued unauthorized use of the term "HELIX ENVIRONMENTAL" and the domain name www.helixenvironmental.com to advertise, offer, and render environmental services deprives PLAINTIFF of the ability to control the quality of the services marketed under the HELIX ENVIRONMENTAL PLANNING service mark and trade name, and instead, places PLAINTIFF's valuable reputation and goodwill into the hands of DEFENDANT, over whom PLAINTIFF has no control.

39.     DEFENDANT's continued unauthorized use of the term "HELIX ENVIRONMENTAL" and the domain name www.helixenvironmental.com to advertise, offer, and render environmental services dilutes PLAINTIFF's rights in

COMPLAINT FOR SERVICE MARK
INFRINGEMENT AND OTHER CLAIMS AND
DEMAND FOR JURY TRIAL                    8

its valuable trade name, and is likely to cause confusion or mistake or to deceive consumers or potential consumers wishing to purchase PLAINTIFF's services and is also likely to confuse consumers as to an affiliation between PLAINTIFF and DEFENDANT.

40. DEFENDANT's conduct alleged herein constitutes federal trademark infringement in violation of Section 1114(1) of the Lanham Act, 15 U.S.C. § 1114.

41. PLAINTIFF has been, is now being, and will continue to be, harmed irreparably by DEFENDANT's infringing conduct alleged herein, and unless enjoined by the Court, DEFENDANT will continue to infringe upon the HELIX ENVIRONMENTAL PLANNING service mark.

42. There is no adequate remedy at law for the harm caused by DEFENDANT's acts of infringement alleged herein.

43. As a direct and proximate result of DEFENDANT's infringing conduct, PLAINTIFF has suffered, is suffering, and will continue to suffer irreparable injury to its business reputation and goodwill for which no adequate remedy exists at law.

44. Upon learning of DEFENDANT's infringing conduct, PLAINTIFF through counsel contacted DEFENDANT, notified DEFENDANT of PLAINTIFF's service mark, and requested DEFENDANT cease its infringing conduct. DEFENDANT refused.

45. Upon information and belief, DEFENDANT's infringing conduct alleged herein is knowing, willful, and deliberate, entitling PLAINTIFF to an accounting of any of DEFENDANT's profits, increased damages, and an award of its attorneys' fees and costs incurred in prosecuting this action under Section 1117 of the Lanham Act, 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### Service Mark and Trade Name Infringement, Unfair Competition, Passing Off, and False Designation of Origin under 15 U.S.C. §1125(a)

46.     PLAINTIFF incorporates herein by reference each and every allegation in the preceding paragraphs.

47.     The HELIX ENVIRONMENTAL PLANNING service mark and trade name is distinctive and through 27 years of continuous use, has achieved secondary meaning whereby it has come to be and is now recognized and relied upon by the trade and public as a symbol of excellence and valuable goodwill, effectively identifying the services and business reputation of PLAINTIFF as a whole, and distinguishing the services and business of PLAINTIFF from competing services and businesses.

48.     DEFENDANT's use of the term "HELIX ENVIRONMENTAL" and the domain name www.helixenvironmental.com in commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of DEFENDANT with PLAINTIFF, or as to the origin, sponsorship, or approval of DEFENDANT's services or commercial activities by another person.

49.     Upon information and belief, DEFENDANT chose to use the term "HELIX ENVIRONMENTAL" and the www.helixenvironmental.com domain name in connection with advertising, offering, and rendering environmental services to cause consumer confusion or mistake, or to deceive the public as to the origin, sponsorship, association, or approval of their services and business reputation, deliberately to pass off their services and business reputation as those rendered by and associated with PLAINTIFF, and/or to false imply an association with the valuable goodwill and established business reputation of PLAINTIFF.

50.   DEFENDANT's conduct alleged herein constitutes, among other things, false designation of origin, which is likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, association, or approval of the services and business reputation of DEFENDANT by PLAINTIFF.

51.   PLAINTIFF believes that it has been damaged and is likely to continue to be damaged as a result of DEFENDANT's use of the term "HELIX ENVIRONMENTAL" and the domain name www.helixenvironmental.com as alleged herein.

52.   DEFENDANT's conduct constitutes service mark and trade name infringement and unfair competition in violation of Section 1125(a) of the Lanham Act, 15 U.S.C. §1125(a).

53.   PLAINTIFF has been, is now, and will continue to be harmed irreparably by DEFENDANT's conduct alleged herein, and unless enjoined by the Court, DEFENDANT will continue to infringe upon the HELIX ENVIRONMENTAL PLANNING service mark and trade name.

54.   There is no adequate remedy at law for the harm caused by DEFENDANT's acts of infringement alleged herein.

55.   As a direct and proximate result of DEFENDANT's conduct alleged herein, PLAINTIFF has suffered, is suffering, and will continue to suffer irreparable injury to its business reputation and goodwill for which no adequate remedy exists at law.

56.   DEFENDANT' conduct alleged herein is knowing, willful, and deliberate, entitling PLAINTIFF to an accounting of any of DEFENDANT's profits, increased damages, and an award of its attorneys' fees and costs incurred in prosecuting this action under Section 1117 of the Lanham Act, 15 U.S.C. § 1117.

**THIRD CAUSE OF ACTION**

**Cybersquatting in Violation of The Anticybersquatting Consumer**

**Protection Act (ACPA) 15 U.S.C. §1125(d)**

57.     PLAINTIFF incorporates herein by reference each and every allegation in the preceding paragraphs.

58.     DEFENDANT's registration and use of the domain name www.helixenvironmental.com  is confusingly similar to PLAINTIFF's HELIX ENVIRONMENTAL PLANNING service mark, and except for the omitted term "planning," is identical to PLAINTIFF's service mark.

59.     DEFENDANT has registered, trafficked in, used, and/or is using the domain name www.helixenvironmental.com to advertise, offer, and render services that directly compete with the services that are advertised, offered, and rendered by PLAINTIFF under and in connection with PLAINTIFF's HELIX ENVIRONMENTAL PLANNING service mark.

60.     PLAINTIFF's HELIX ENVIRONMENTAL PLANNING service mark is widely recognized by the general consuming public of the United States as a designation of source of the services of PLAINTIFF and was distinctive at the time of the registration of the domain name www.helixenvironmental.com by DEFENDANT.

61.     DEFENDANT has registered, trafficked in, used, and/or is using the domain name www.helixenvironmental.com to divert consumers searching for PLAINTIFF and to create a likelihood of confusion as to the source, sponsorship, affiliation, and/or endorsement of the domain name www.helixenvironmental.com.

62.     DEFENDANT has registered, trafficked in, used, and/or is using the domain name www.helixenvironmental.com in bad faith and with the intent to

profit from the goodwill reputation and rendering power established by PLAINTIFF under the HELIX ENVIRONMENTAL PLANNING service mark.

63.    DEFENDANT's conduct constitutes cybersquatting in violation of the AntiCyberSquatting Consumer Protection Act (ACPA), Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d).

64.    PLAINTIFF has been, is now being, and will continue to be harmed irreparably by DEFENDANT's conduct alleged herein, and unless enjoined by the Court, DEFENDANT's unauthorized and bad faith use of the domain name www.helixenvironmental.com will continue.

65.    There is no adequate remedy at law for the harm caused by DEFENDANT's conduct alleged herein.

## FOURTH CAUSE OF ACTION

### Unfair, Unlawful, and Deceptive Business Practices in Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

66.    PLAINTIFF incorporates herein by reference each and every allegation in the preceding paragraphs.

67.    DEFENDANT's conduct alleged herein is unfair and offends public policy as it is unlawful, unfair, unscrupulous, and substantially injurious to PLAINTIFF and consumers.

68.    DEFENDANT's conduct alleged herein constitutes unfair competition and unfair business practices in violation of Section 17200 *et seq.* of California's Business & Professions Code.

69.    PLAINTIFF has been, is now being, and will continue to be harmed irreparably by DEFENDANT's conduct alleged herein, and unless enjoined by the Court, DEFENDANT's unfair, unlawful, and deceptive practices will continue.

70.    There is no adequate remedy at law for the harm caused by DEFENDANT's conduct alleged herein.

71.    PLAINTIFF is entitled to injunctive relief prohibiting DEFENDANT from continuing these unfair, unlawful, and deceptive practices as alleged herein under Section 17203 of California's Business & Professions Code.

## FIFTH CAUSE OF ACTION

### Service Mark and Trade Name Infringement and Unfair Competition in Violation of California Common Law

72.    PLAINTIFF incorporates herein by reference each and every allegation in the preceding paragraphs.

73.    PLAINTIFF's HELIX ENVIRONMENTAL PLANNING service mark and trade name is distinctive and has achieved secondary meaning whereby it has come to be and is now recognized and relied upon by the trade and public as identifying the services and business reputation of PLAINTIFF.

74.    PLAINTIFF's abbreviated HELIX ENVIRONMENTAL service mark and trade name is distinctive and has achieved secondary meaning whereby it has come to be and is now recognized and relied upon by the trade and public as identifying the services and business reputation of PLAINTIFF.

75.    DEFENDANT chose to use the term "HELIX ENVIRONMENTAL" and the domain name www.helixenvironmental.com in connection with advertising, offering, and rendering environmental services to cause consumer confusion or mistake, or to deceive the public as to the origin, sponsorship, association, or approval of their services and business reputation by PLAINTIFF, deliberately to pass of their services and business reputation as those rendered by and associated with PLAINTIFF, and/or to false imply an association with the valuable goodwill and established business reputation of PLAINTIFF.

76.     DEFENDANT's conduct alleged herein has caused, is causing, and is likely to continue to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, association, or approval of the services of DEFENDANT by PLAINTIFF.

77.     DEFENDANT's conduct constitutes service mark and trade name infringement and unfair competition in violation of California common law.

78.     PLAINTIFF has been, is now, and will be harmed irreparably by DEFENDANT's infringing conduct alleged herein, and unless enjoined by the Court, DEFENDANT will continue to infringe upon the HELIX ENVIRONMENTAL PLANNING service mark and trade name.

79.     PLAINTIFF has been, is now, and will be harmed irreparably by DEFENDANT's infringing conduct alleged herein, and unless enjoined by the Court, DEFENDANT will continue to infringe upon the abbreviated HELIX ENVIRONMENTAL service mark and trade name

80.     There is no adequate remedy at law for the harm caused by DEFENDANT's acts of infringement alleged herein.

81.     As a direct and proximate result of DEFENDANT's conduct alleged herein, PLAINTIFF has suffered, is suffering, and will continue to suffer irreparable injury to its business reputation and goodwill for which no adequate remedy exists at law.

82.     Upon information and belief, DEFENDANT's conduct alleged herein is knowing, willful, and deliberate, entitling PLAINTIFF to recover punitive damages under Section 3294 of the California Civil Code.

///

///

///

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF HELIX ENVIRONMENTAL PLANNING, INC. prays for judgment and relief against DEFENDANT HELIX ENVIRONMENTAL AND STRATEGIC SOLUTIONS as follows:

(a)     For a judgment that PLAINTIFF'S HELIX ENVIRONMENTAL PLANNING service mark has been and continues to be infringed by DEFENDANT in violation of 15 U.S.C. § 1114(1);

(a)     For a judgment that DEFENDANT'S use of the term "HELIX ENVIRONMENTAL" and the domain name www.helixenvironmental.com constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a);

(b)     For a judgment that DEFENDANT'S use of the term "HELIX ENVIRONMENTAL" and www.helixenvironmental .com domain name constitutes California common law trademark infringement;

(c)     For a judgment that DEFENDANT has committed cybersquatting in violation of 15 U.S.C. § 1125(d);

(e)     For a judgment that DEFENDANT's use of the term "HELIX ENVIRONMENTAL" and www.helixenvironmental .com domain name constitutes unfair competition in violation of §§ 17200 *et seq*. of California's Business and Professions Code;

(f)     For a permanent injunction forever enjoining and restraining DEFENDANT and each of its agents, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active concert or participation with any of them from using the term "HELIX ENVIRONMENTAL" with or without its accompanying logo, and the domain name www.helixenvironmental.com, or any other words, phrases, symbols, logos, or combination of words or symbols that would create a likelihood of confusion, mistake and/or deception with the

HELIX ENVIRONMENTAL PLANNING service mark and trade name, in connection with environmental services;

(g)     Pursuant to 15 U.S.C. § 1118, for a judgment requiring that DEFENDANT and all others acting under DEFENDANT'S authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels and other material in their possession bearing the designation "HELIX ENVIRONMENTAL" or "www.helixenvironmental.com;"

(h)     Pursuant to 15 U.S.C. § 1116(a), for a judgment directing DEFENDANT to file with the Court and serve on PLAINTIFF within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which DEFENDANT has complied with the injunction;

(i)     For a declaration, adjudication and decree that PLAINTIFF is the sole legal and equitable owner of the domain name www.helixenvironmental.com and requiring DEFENDANT to transfer ownership of the domain name to PLAINTIFF;

(j)     For a judgment awarding all actual damages sustained by PLAINTIFF as the result of DEFENDANT's conduct of infringement, together with prejudgment interest, according to proof, under 15 U.S.C. § 1117;

(k)     For a judgment requiring an accounting of DEFENDANT's profits resulting from their conduct of infringement under 15 U.S.C. § 1117;

(l)     For a judgment awarding to PLAINTIFF all profits received by DEFENDANT from sales and revenues of any kind made as a result of its infringing actions, after the accounting;

(m)     For a judgment awarding to PLAINTIFF treble actual damages and profits pursuant to 15 U.S.C. § 11117(b) on the grounds that DEFENDANT's continued conduct of infringement has been willful within the meaning of the Lanham Act;

(n) For a judgment awarding to PLAINTIFF its actual damages resulting from DEFENDANT's violation of 15 U.S.C. § 1125(d) in an amount to be proven at trial or in the alternative statutory damages of $100,000 per domain name, as elected by PLAINTIFF;

(o) For a judgment awarding to PLAINTIFF its attorneys' fees, and litigation costs and expenses, under 15 U.S.C. § 1117 or as otherwise permitted by law because of the exceptional nature of this case resulting from DEFENDANT'S deliberate infringing actions;

(p) For a judgment awarding to PLAINTIFF its damages for DEFENDANT'S common law service mark and trade name infringement under California's common law; and

(q) For such additional, other, or further relief as the Court deems just and proper.


Dated: August 27, 2018                    EASTMAN & McCARTNEY, LLP



                                          By: _/s/ Gary L. Eastman_____
                                             Gary L. Eastman, Esq.
                                             Attorney for Plaintiff
                                             PLAINTIFF HELIX
                                             ENVIRONMENTAL PLANNING,
                                             INC.

## **DEMAND FOR JURY TRIAL**

PLAINTIFF HELIX ENVIRONMENTAL PLANNING, INC. hereby demands a trial by the jury on its claims herein and all issues and claims so triable in this action.

Dated:  August 27, 2018                    EASTMAN & McCARTNEY, LLP


By:  /s/ Gary L. Eastman_____
Gary L. Eastman, Esq.
Attorney for Plaintiff
PLAINTIFF HELIX
ENVIRONMENTAL PLANNING,
INC.

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# United States of America

## United States Patent and Trademark Office

# Helix Environmental Planning

**Reg. No. 5,496,057**

**Registered Jun. 19, 2018**

**Int. Cl.: 35, 42**

**Service Mark**

**Principal Register**

Helix Environmental Planning, Inc. (CALIFORNIA CORPORATION)
7578 El Cajon Blvd.
La Mesa, CALIFORNIA 91942

CLASS 35: Business consulting in the field of environmental management, namely, advising businesses and individuals in issues of environmental impact, conservation, preservation and protection

FIRST USE 10-7-1991; IN COMMERCE 10-7-1991

CLASS 42: Environmental services, namely, technical consultation in the fields of environmental science

FIRST USE 10-7-1991; IN COMMERCE 10-7-1991

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "ENVIRONMENTAL PLANNING"

SER. NO. 87-618,013, FILED 09-21-2017



Director of the United States
Patent and Trademark Office