Gary L. Eastman  (CSB #182518)
Eastman & McCartney LLP
401 West A Street, Suite 1785
San Diego, CA 92101
Tel: (619) 230-1144
Fax: (619) 230-1194
Attorney for Plaintiff
HELIX ENVIRONMENTAL PLANNING, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT

| | |
|---|---|
| HELIX ENVIRONMENTAL PLANNING, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HELIX ENVIRONMENTAL AND STRATEGIC SOLUTIONS, a California corporation<br><br>Defendant. | **Case No.: 3:18-cv-02000-AJB-NLS**<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT HELIX ENVIRONMENTAL AND STRATEGIC SOLUTIONS**<br><br>Judge:  Hon. A.J. Battaglia<br>Courtroom: 4A<br>Date: May 30, 2019<br>Time: 2:00pm |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................1

II.   FACTUAL BACKGROUND ...............................................................2

III.  DISCUSSION ....................................................................................4

    A.   Helix Gave Notice of its Intent to File for Default Judgment .............5

    B.   Ninth Circuit *Eitel* Factors Strong Favor Default Judgment ...............5

    C.   This Court Should Declare That Defendant Has Infringed Helix's Trademark in Violation of 15 U.S.C. § 1114(1)……………………..7

    D.   This Court Should Declare that Defendant's Use of the Phrase "Helix Environmental" and the Domain Name helixenvironmental.com Constitutes Federal Unfair Competition in Violation of 15 U.S.C. § 1125(a) ........................................................................................9

    E.   This Court Should Declare that Defendant's Use of the Phrase "Helix Environmental" and the Domain Name helixenvironmental.com Constitutes California Common Law Trademark Infringement........10

    F.   This Court Should Declare That Defendant Has Committed Cybersquatting in Violation of the Anticybersquatting Consumer Protection Act ..................................................................................11

    G.   This Court Should Declare That Defendant's Conduct Is Unfair Competition…………………………………………………………..13

    H.   This Court Should Permanently Enjoin Defendant From Using the Term "Helix Environmental" in Connection with Environmental Services ...................................................................................13

    I.   This Court Should Require Defendant to Transfer Ownership of its Domain Name to Helix ...................................................................14

IV.  CONCLUSION ...............................................................................14

# TABLE OF AUTHORITIES

**Page**

## Cases

*AMF Inc. v. Sleekcraft Boats*, 599 F. 2d 341 (9th Cir. 1979)…………………..8, 9

*Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521 (9th Cir. 1984) ........... 6

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
    20 Cal. 4th 163 (Cal. 1999)…………………………………………………….13

*City of Carlsbad v. Shah*, 850 F. Supp. 2d 1087 (S.D. Cal. 2012)…………........12

*Craigslist, Inc. v. Naturemarket, Inc.*, 649 F.2d 1039 (N.D. Cal. 2010)……….... 10

*CytoSport, Inc. v. Vital Pharmaceuticals, Inc.*,
    617 F. Supp. 2d 1051 (E.D. Cal. 2009) …………………………………………6

*Daimler AG v. A-Z Wheels LLC*, 334 F. Supp. 3d 1087 (S.D. Cal. 2018) ………..8

*Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986)…………………………………….5

*GoTo.com, Inc. v. Walt Disney Co.*, 202 F. 3d 1199 (9th Cir. 2000)…………..8, 9

*Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508 (9th Cir. 1986)............5, 7

*Herb Reed Enters., LLC v. Fla. Entm't Mngmt. Co.*,
    736 F.3d 1239 (9th Cir. 2013) …………………………………………… 6

*Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916 (C.D. Cal. 2010)......6

*Lee Myles Assocs. Corp. v. Paul Rubke Enters.. Inc.*,
    557 F. Supp. 2d 1134 (S.D. Cal. 2008)…………………………………………7

*Maxim Integrated Prods., Inc. v. Quintana*,
    654 F. Supp. 2d 1024 (N.D. Cal. 2009) …………………………………………6

*Orange Theatre Corp. v. Rayherstz Amusement Corp.*,
    130 F.2d 185 (3d Cir. 1942) ...........................................................................7

*PepsiCo v. Cal. Sec. Cans.*, 238 F. Supp 2d 1172 (C.D. Cal. 2002).......................6

*PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431 (C.D. Cal. 1999)...........................5

*Philip Morris USA Inv. V. Castworld Products, Inc.*,
    219 F.R.D. 494 (C.D. Cal. 2003) .....................................................................7

# TABLE OF AUTHORITIES

## (continued)

**Statutes**

15 U.S.C. § 1057(b)...........................................................................8

15 U.S.C. § 1116(a) .........................................................................14

15 U.S.C. § 1117..............................................................................14

15 U.S.C. § 1118..............................................................................13

15 U.S.C. § 1114...........................................................................7, 9

15 U.S.C. § 1125(a) ......................................................................9, 10

15 U.S.C. § 1125(d) .........................................................................11

Cal. Bus. & Prof. Code § 17200 *et seq.*......................................12, 13


**Rules**

Federal Rule of Civil Procedure 4(d) ................................................3

Federal Rule of Civil Procedure 55 ..................................................4

Federal Rule of Civil Procedure 55(a)..............................................5

Federal Rule of Civil Procedure 55(b) ......................................2, 4, 7

## I.    INTRODUCTION

Plaintiff Helix Environmental Planning, Inc. ("Helix" or "Plaintiff") respectfully submits this Memorandum of Points and Authorities in support of its Motion for Entry of Default Judgment against Defendant Helix Environmental and Strategic Solutions ("Defendant").  Plaintiff Helix filed this action because Defendant since 2016 has sold services identical or similar to Helix's services using Helix's service mark, which Helix has used in commerce since 1991 and has had a valid federal registration for since June 19, 2018.  Helix filed this suit to obtain a permanent injunction enjoining Defendant from capitalizing on Helix's goodwill in its service mark.  This should ultimately eliminate consumer confusion in the marketplace so that consumers are not at risk of being misinformed about the source or quality of services offered by either company.

The Complaint in this case was filed initially on August 27, 2018. Defendant was served with the Summons and Complaint via an FRCP Rule 4 waiver that was executed by Defendant's counsel on October 24, 2018 and filed on October 25, 2018.  Counsel for Plaintiff and Defendant have communicated several times since this action was filed.  During those discussions, Defendant acknowledged receiving the Summons and Complaint, but Defendant still hoped to resolve the matter out of court.  Defendant's time period to file an Answer or otherwise respond has expired.  The parties have not reached an agreement, and Plaintiff has not withdrawn its allegations of trademark infringement.  As a courtesy to Defendant, and in an attempt to minimize the expense of litigation, Plaintiff has heretofore avoided seeking default judgment in this case.

On January 8, 2019, Plaintiff Helix's counsel notified Defendant that it should either cease using the phrase "Helix Environmental," which is a key component of Plaintiff's HELIX ENVIRONMENTAL PLANNING service mark, by January 16, 2019 *or* file an Answer or other responsive pleading by January 17, 2019; otherwise, Plaintiff would file its Request for Entry of Clerk's Default on

1  January 18, 2019.  Defendant did not acknowledge an intent to cease use, nor did

2  it file an Answer or otherwise respond to the Complaint.

3        On Plaintiff Helix's motion, the Court Clerk entered default against

4  Defendant on January 22, 2019.  Pursuant to Rule 55(b)(2) of the Federal Rules of

5  Civil Procedure, Helix now seeks a default judgment and a permanent injunction

6  to prevent Defendant from continuing to capitalize on Helix's goodwill in its

7  service mark.

8

9              **II.    FACTUAL BACKGROUND**

10       Plaintiff Helix Environmental Planning, Inc. is a well-recognized Southern

11  California-based company that provides high-quality environmental consulting

12  services to private and public clients throughout California and the western United

13  States. [Complaint, ¶¶ 1, 7.] Helix began using the service mark HELIX

14  ENVIRONMENTAL PLANNING in 1991, registered the Internet domain name

15  www.helixepi.com in 1999, and obtained a federal registration for HELIX

16  ENVIRONMENTAL PLANNING on June 19, 2018. [Complaint, ¶¶ 8–9, 22.]

17  Plaintiff has used the term "Helix Environmental" as an abbreviation for its

18  service mark since as early as 2002. [Complaint, ¶ 14.] Due to Plaintiff's

19  longstanding and extensive use and advertising of HELIX ENVIRONMENTAL

20  PLANNING and HELIX ENVIRONMENTAL, these terms have come to be and

21  is now recognized and relied upon by the trade and public as identifying and

22  distinguishing the services and business reputation of Plaintiff. [Complaint, ¶ 17.]

23       Defendant Helix Environmental and Strategic Solutions is a Southern

24  California-based environmental consulting company that first incorporated under

25  the laws of the State of California on February 8, 2016. [Complaint, ¶¶ 23–24.]

26  Since February 8, 2016, Defendant has used the name "Helix Environmental" in

27  connection with its environmental services. [Complaint, ¶ 24.] Defendant also

28

---

uses the Internet domain name helixenvironmental.com to advertise, offer, and render its environmental consulting services. [Complaint, ¶ 25.]

Plaintiff and Defendant both offer environmental consulting and compliance services in Southern California, but Plaintiff was the first entrant into the market and began using "Helix Environmental" in 1991, at least 25 years before Defendant, which began its use on or around February 8, 2016. [Complaint, ¶ 27.] Plaintiff never consented to or authorized Defendant's use of the term "Helix Environmental" or the domain name helixenvironmental.com in connection with advertising, offering, and/or rendering environmental services. [Complaint, ¶ 28.] Defendant's unauthorized use of the term "Helix Environmental" and the domain name helixenvironmental.com is likely to confuse consumers as to whether Defendant's services and business reputation originate from or are somehow endorsed or sponsored by Plaintiff. [Complaint, ¶¶ 29, 37.] This is especially true considering that both companies direct their services to similar groups of consumers using the same or similar trade channels. [Complaint, ¶¶ 30, 35.]

Plaintiff Helix filed the Complaint on August 27, 2018. [Docket No. 1.] Defendant was served with the Summons and Complaint via an FRCP Rule 4 waiver that was executed by Defendant' counsel on October 24, 2018 and filed on October 25, 2018. [Docket No. 4.] Under Fed. R. Civ. P. 4(d)(3), a defendant who waives service of summons must file an Answer within sixty (60) days of when the request for waiver was sent.  More than sixty days elapsed, and Defendant failed to file an Answer or otherwise respond to the proceedings. [Decl. Eastman, Docket No. 5-2, para. 9.]

Even after that sixty-day period ended, Plaintiff encouraged Defendant to either cease its infringing activity or respond to the proceedings in order to avoid default judgment.  On January 8, 2019, Plaintiff's counsel sent a letter to Defendant's counsel asking Defendant to either cease using the term "Helix

Environmental" by January 16, 2019 or to file an Answer or other responsive pleading by January 17, 2019; otherwise Plaintiff would file a Request for Entry of Clerk's Default on January 18, 2019. [Decl. Eastman, Docket No. 5-2, para. 10.] To date, Defendant has failed to appear or otherwise defend. [Decl. Eastman, Docket No. 5-2, para. 11.] Plaintiff filed the Request for Entry of Clerk's Default as promised on January 18, 2019 [Docket No. 5].

The Clerk of this Court entered a Default against the Defendant on January 22, 2018 [Docket No. 6] – nearly five months after the initial Complaint was filed and nearly three years since Defendant first began using the term "Helix Environmental" in connection with its services. [See Docket No. 1; Complaint, ¶ 24.]

Defendant took no action for several months after being served with the Complaint, despite its awareness of Plaintiff's concerns about trademark infringement. Defendant did not take advantage of opportunities to respond even after the formal court deadline expired. While counsel for Plaintiff had exchanged several emails with counsel for Defendant since the inception of this case, this correspondence does not in any way discharge Defendant's duty to defend the case. Defendant has simply failed to defend this case.

## III.   DISCUSSION

A default judgment should be entered against Defendant because Plaintiff Helix Environmental Planning, Inc. has satisfied the conditions of Federal Rules of Civil Procedure 55, and the factual allegations in its Complaint, now deemed true, establish Helix's claims.

Helix has satisfied the conditions of Rule 55(b) of the Federal Rules of Civil Procedure, establishing that Defendant failed to plead and meets no exception to default.

**A.     Helix Gave Notice of its Intent to File for Default Judgment**

Helix, although not obligated to provide Defendant with any notice of its intent to file a Request for Entry of Clerk's Default, gave Defendant notice more than one week before filing.  See *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 512 (9th Cir. 1986) (holding that Fed. R. Civ. P. 55(a) has no notice requirement).  Even after the formal window for responding to the Complaint had closed, Helix gave Defendant more opportunities to either cease its infringing conduct or respond to the proceedings.  Despite the failure to resolve the case, Defendant failed to file an Answer or otherwise respond, and Helix finally filed for default judgment.

**B.     Ninth Circuit *Eitel* Factors Strongly Favor Default Judgment**

The Ninth Circuit has enumerated the following factors for a district court to consider when determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-42 (9th Cir. 1986).  See also *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999) ("In applying this discretionary standard, default judgments are more often granted than denied.").

In this case, the enumerated factors weigh heavily in favor of granting default judgment.

As for the first factor, denying default judgment would prejudice Plaintiff Helix, whose reputation and profits are continuously harmed by Defendant's use

of Helix's trade name in the same geographic region for the same or similar services.  Injunctive relief, a common type of relief in trademark infringement cases, specifically contemplates the probability of prejudice, or irreparable harm, to the plaintiff in the absence of equitable relief.  *Herb Reed Enters., LLC v. Fla. Entm't Mngmt. Co.,* 736 F.3d 1239, 1250–51 (9th Cir. 2013).  On this point, courts have held that a plaintiff in a trademark infringement case is prejudiced when "continuing infringement will result in loss of control over the plaintiff's reputation and good will."  *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 526 (9th Cir. 1984). See also *CytoSport, Inc. v. Vital Pharmaceuticals, Inc.*, 617 F. Supp. 2d 1051, 1081 (E.D. Cal. 2009); *Maxim Integrated Prods., Inc. v. Quintana*, 654 F. Supp. 2d 1024, 1035–36 (N.D. Cal. 2009) ("In trademark cases, irreparable harm is typically found in a plaintiff's loss of control over their business reputation, loss of trade, and loss of goodwill.").  Defendant's conduct thus far suggests that in the absence of default judgment, Defendant is likely to continue to neglect and delay the present proceedings, prolonging Defendant's infringement of Helix's mark, and causing significant ongoing harm to both Helix and the public.

*Eitel* factors two and three, which are generally analyzed together, simply "require that a plaintiff state a claim on which [it] may recover."  *Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (citing *PepsiCo v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)). Helix's Complaint properly alleged the necessary elements for each cause of action, leaving the Court the capacity to grant relief as to all of them.

As for the fourth *Eitel* factor, Helix requests solely injunctive relief, meaning that no amount of money is at stake in this action.  Rather than requesting damages or lost profits from Defendant, or even attorneys' fees and litigation costs, Helix simply wants Defendant's infringing activity to stop, in

order to put an end to Helix's reputational and financial harm and to mitigate consumer confusion.

As for the fifth *Eitel* factor, the facts now deemed true indicate that Plaintiff owns a valid trademark and that Defendant caused a likelihood of confusion with that trademark.  The names of the two companies (<u>Helix Environmental</u> Planning, and <u>Helix Environmental</u> and Strategic Solutions) speak for themselves, and none of the allegations, in the absence of an answer to the Complaint, have been or can be genuinely disputed.  See *Philip Morris USA Inv. V. Castworld Products, Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003).

With respect to the sixth *Eitel* factor, the inability of Defendant's counsel to file a response cannot reasonably be considered excusable neglect.  Helix sent a letter to the Defendant notifying it of Helix's intent to file for default judgment in the absence of a response from Defendant.  Defendant acknowledged receipt of the letter but still insists on settling the issues out-of-court as a bad faith delay tactic to avoid filing an answer and to prolong its ongoing infringement of Helix's mark.  Those settlement discussions, however, do not preclude entry of default. *Hawaii Carpenters*, 794 F.2d at 512.

The first six factors resolve heavily in favor of Helix, and the seventh *Eitel* factor favoring decisions on the merits cannot be interpreted to render Rule 55(b) void.  Ultimately, the Federal Rules of Civil Procedure are designed to "secure the just, speedy, and inexpensive determination of every action."  *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 130 F.2d 185, 187 (3d Cir. 1942).  In this action, where all seven *Eitel* factors weigh in favor of default judgment, entry of default judgment would be a just result protecting Helix's intellectual property without further delay or harm to Helix.

---

**C.** **This Court Should Declare That Defendant Has Infringed Helix's Trademark in Violation of 15 U.S.C. § 1114(1)**

To succeed on a federal trademark infringement claim under 15 U.S.C. § 1114(1), the plaintiff must have a valid, registered trademark and must show that the defendant's conduct has caused a likelihood of consumer confusion. *Lee Myles Assocs. Corp. v. Paul Rubke Enters.. Inc*., 557 F. Supp. 2d 1134, 1141 (S.D. Cal. 2008). Because both of these requirements are met, Defendant should be liable for federal trademark infringement.

First, Helix sufficiently established that it owns a valid, enforceable trademark that is registered. Helix has been using HELIX ENVIRONMENTAL PLANNING as its service mark since 1991. [Complaint, ¶ 8.] Not only has the term gained common-law trademark rights over the past 28 years through secondary meaning from longstanding use in commerce, but Helix also acquired a federal Principal Register registration for the mark on June 19, 2018. [Complaint, ¶¶ 17, 22.] Registration on the Principal Register is prima facie evidence of the mark's validity and of the owner's exclusive right to use the mark in commerce. 15 U.S.C. § 1057(b).

Second, Helix sufficiently pled likelihood of confusion. Courts within the Ninth Circuit rely on the *Sleekcraft* factors to assess whether a defendant's use of another's trademark has created consumer confusion. See *AMF Inc. v. Sleekcraft Boats*, 599 F. 2d 341, 348–55 (9th Cir. 1979); see also *GoTo.com, Inc. v. Walt Disney Co.*, 202 F. 3d 1199, 1205 (9th Cir. 2000); *Daimler AG v. A-Z Wheels LLC*, 334 F. Supp. 3d 1087, 1095 (S.D. Cal. 2018).

One *Sleekcraft* factor is the strength of the plaintiff's trademark. *Sleekcraft*, 599 F.2d at 349–50. Showing the mark's strength, the Complaint alleges that over the past 28 years, Plaintiff's HELIX ENVIRONMENTAL PLANNING service mark has "come to be and is now recognized and relied upon by the trade and public as identifying and distinguishing the services and business reputation of

Plaintiff."  [Complaint, ¶ 19.]  Another factor is the similarity of the plaintiff's and defendant's goods.  *Sleekcraft*, 599 F.2d at 350.  The Complaint alleges that both Helix and Defendant offer environmental consulting and compliance services in Southern California.  [Complaint, ¶¶ 1–2, 27.]   A third factor is the similarity of the plaintiff's and defendant's marks.  *Sleekcraft*, 599 F.2d at 350–52.  Helix has used the service mark HELIX ENVIRONMENTAL PLANNING since 1991 and has used the abbreviation "Helix Environmental" since 2002.  [Complaint, ¶¶ 8, 10.]  Defendant's company name is "Helix Environmental and Strategic Solutions," which borrows the focal term "Helix Environmental" from Helix's mark.  [Complaint, ¶¶ 23–24.]  The Complaint further alleges that both Plaintiff and Defendant utilize the same or similar trade channels, a fourth factor suggesting likelihood of confusion.  *Sleekcraft*, 599 F.2d at 353.  [Complaint, ¶ 30.]

Therefore, this Court should declare that Defendant's infringing activities constitute federal trademark infringement under 15 U.S.C. § 1114(1).

**D.**    **This Court Should Declare that Defendant's Use of the Phrase "Helix Environmental" and the Domain Name helixenvironmental.com Constitutes Federal Unfair Competition in Violation of 15 U.S.C. § 1125(a)**

Defendant's activities additionally violate 15 U.S.C. § 1125(a). Section 1125(a) prohibits the same type of conduct as § 1114, except § 1125(a) protects not only registered marks but also non-registered marks that are protectable at common law.  *GoTo.com*, 202 F.3d at 1204 n.3.

Helix has pleaded that even before its trademark was registered in 2018, the mark HELIX ENVIRONMENTAL PLANNING and its abbreviated version "Helix Environmental" had acquired secondary meaning sufficient to acquire status as a common-law trademark.  [Complaint, ¶¶ 17, 20.]  Defendant's unfair competition began on or around February 8, 2016, when Defendant first began

using "Helix Environmental and Strategic Solutions" as its trade name. [Complaint, ¶ 27.]  For the same reasons supporting Plaintiff's § 1114 argument, Defendant caused consumer confusion by offering, selling, and rendering its environmental consulting services as Helix Environmental and Strategic Solutions after Helix had already for decades been offering similar services under the name Helix Environmental Planning, Inc. [Complaint, ¶ 29.]  Defendant's use of the domain name helixenvironmental.com further begets consumer confusion, for Plaintiff uses the terms HELIX ENVIRONMENTAL PLANNING and "Helix Environmental," so consumers are likely to mistakenly assume that Defendant's website titled "Helix Environmental" was associated with Plaintiff.  [Complaint, ¶ 61.]

Therefore, this Court should declare that Defendant's use of the phrase "Helix Environmental" and the domain name helixenvironmental.com constitutes federal unfair competition under 15 U.S.C. § 1125(a).

**E.**     **This Court Should Declare that Defendant's Use of the Phrase "Helix Environmental" and the Domain Name helixenvironmental.com Constitutes California Common Law Trademark Infringement**

Because both parties are businesses located in California, trademark infringement under California common law applies. To succeed on this claim, the plaintiff must prove (1) prior use of the mark, and (2) the defendant's use of a mark that is likely to cause confusion.  *Craigslist, Inc. v. Naturemarket, Inc.*, 649 F.2d 1039, 1058 (N.D. Cal. 2010).

Based on the same facts Helix pleaded to show federal trademark infringement and unfair competition, Helix has shown that it was the first user of the term "Helix Environmental" and that Defendant's more recent use of the same term within the same industry is likely to cause consumer confusion.  Therefore, this Court should declare that Defendant's use of the phrase "Helix

Environmental" and the domain name <u>helixenvironmental.com</u> constitutes California common law trademark infringement.

**F.    This Court Should Declare That Defendant Has Committed Cybersquatting in Violation of the Anticybersquatting Consumer Protection Act**

The Anticybersquatting Consumer Protection Act prohibits anyone from registering, trafficking in, or using a domain name that is identical or confusingly similar to a pre-existing distinctive trademark, with the bad-faith intent to profit from the mark.  15 U.S.C. § 1125(d).  Because both of these requirements are met, Defendant should be liable for cybersquatting.

First, Helix has sufficiently alleged that Defendant's domain name, comprised of "Helix Environmental," is identical or at least confusingly similar to Helix's distinctive service mark HELIX ENVIRONMENTAL PLANNING. [Complaint, ¶ 58.]  According to the Complaint, Defendant began using the domain name <u>helixenvironmental.com</u> after incorporating its business under the laws of California on February 8, 2016.  [Complaint, ¶ 25.]  By the time Defendant registered the domain name with "Helix Environmental," Helix had already been using HELIX ENVIRONMENTAL PLANNING for more than twenty years and the abbreviated version "Helix Environmental" for more than ten years.  [Complaint, ¶¶ 8, 10.]  This was more than enough time to make the terms distinctive and recognizable in connection with Helix's services.  [<u>See</u> Complaint, ¶ 60.]  As a result, it is likely that a visitor to helixenvironmental.com would mistakenly infer from the domain name that Defendant's services were affiliated, endorsed, or sponsored by Helix.

Second, the facts in the Complaint and the circumstances surrounding this request for default judgment suggest that Defendant had the bad-faith intent to profit from Helix's mark by using it in its domain name.  Helix alleges that

Defendant had actual or constructive notice of Helix's ownership and use of the service mark HELIX ENVIRONMENTAL PLANNING long before Defendant created its domain name.  [Complaint, ¶ 33.]  Helix further alleges that Defendant knowingly registered the helixenvironmental.com domain name to advertise, offer, or render services that directly compete with Plaintiff's services in order to "divert" consumers searching for the Plaintiff.  [Complaint, ¶¶ 59, 61.]  See 15 U.S.C. § 1125(d)(1)(B)(5) (bad faith can be shown by a defendant's intent to "divert" consumers from the plaintiff in a way that could "harm the goodwill represented by the [plaintiff's] mark").  Helix thus characterizes Defendant's use of the term "Helix Environmental" as "an attempt to create a false impression of association with Plaintiff."  [Complaint, ¶ 34.]  Such egregious conduct suggests bad faith.  See *City of Carlsbad v. Shah*, 850 F. Supp. 2d 1087, 1106 (S.D. Cal. 2012) ("[C]ourts consider the egregiousness of the defendant's cybersquatting" when evaluating the bad faith element).

Refusal to discontinue the infringing conduct after being put on notice of the conduct's unlawfulness is evidence of bad faith.  *Shah*, 850 F. Supp. 2d at 1106.  Even after Helix specifically informed Defendant about its infringing conduct and asked it to stop, Defendant refused to stop using Helix's mark in its domain name and in its marketing.  [Complaint, ¶ 44.]  Moreover, Defendant's refusal up to this point to respond to the Complaint, prompting this motion for default judgment, shows that Defendant wishes to continue its conduct without any interference.  [See Decl. Eastman, Docket No. 5-2, para. 11.]  This avoidance of the judicial process could be "other behavior evidencing an attempt of contempt" as to show bad faith.  See *Shah*, 850 F. Supp. 2d at 1106.  Based on these facts, Helix alleges that Defendant continues to use its domain name helixenvironmental.com "in bad faith and with the intent to profit from the goodwill reputation and rendering power established by Plaintiff under the HELIX ENVIRONMENTAL PLANNING service mark." [Complaint, ¶ 62.]

Because Defendant used Helix's distinctive mark "Helix Environmental" in its domain name in bad faith and in a way likely to confuse consumers about the affiliation of the website's services, this Court should declare that Defendant has committed cybersquatting in violation of the Anticybersquatting Consumer Protection Act.

**G.     This Court Should Declare That Defendant's Conduct Is Unfair Competition**

Defendant's conduct constitutes unfair competition and unfair trade practices in violation of California Business and Professions Code section 17200 *et seq.*

Helix's reputation and profits are continuously harmed by Defendant's use of Helix's distinctive trade name in the same geographic region for the same or similar services.  The California Supreme Court has held that the "scope [of Cal. Bus. & Prof. Code § 17200 *et seq.*] is broad" and proscribes "three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent."  *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (Cal. 1999).  Helix has pleaded facts sufficient to show Defendant has engaged in not only a single variety, but each of the three varieties of unfair competition contemplated by the statute.  [Complaint, ¶¶ 23–31.]  This Court should therefore declare that Defendant's conduct is unfair competition under California Business and Professions Code Section 17200 *et seq.*

**H.     This Court Should Permanently Enjoin Defendant From Using the Term "Helix Environmental" in Connection with Environmental Services**

Because Defendant has been infringing Helix's trademark under federal and California law, this Court should enter a permanent injunction forever enjoining and restraining Defendant and its agents, officers, attorneys, employees,

successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from using the terms "Helix", "Helix Environmental", and "helixenvironmental.com", with or without its accompanying logo, or any words, phrases, symbols, logos, or combination of words and symbols that would create a likelihood of confusion, mistake, and/or deception with the HELIX ENVIRONMENTAL PLANNING service mark and trade name in connection with environmental services.

Along with that injunction, the Court should require, under 15 U.S.C. § 1118, that Defendant and all others acting under Defendant's authority, at their cost, deliver up and destroy all devices, literature, advertising, labels, and other materials in their possession bearing the designation "Helix Environmental" or helixenvironmental.com.

The Court should also direct Defendant, under 15 U.S.C. § 1116(a), to file with the Court and serve on Plaintiff, within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

**I.      This Court Should Order the Transfer of the helixenvironmental.com Domain Name to Helix**

Because Defendant has committed cybersquatting through its use of the domain name helixenvironmental.com, this Court should issue a declaration, adjudication, and decree that Plaintiff Helix is the sole legal and equitable owner of the Internet domain name helixenvironmental.com and order that the Defendant relinquish all rights to the Internet domain name and direct Domains by Proxy, LLC; GoDaddy, LLC; or any other party in a position to do so to transfer the Internet domain name to Helix.

# IV.   CONCLUSION

For the foregoing reasons, Plaintiff Helix Environmental Planning, Inc. respectfully requests the Court grant this motion for entry of default judgment against Defendant Helix Environmental and Strategic Solutions for trademark infringement under federal and California law, unfair competition under federal and California law, and the federal Anticybersquatting Consumer Protection Act. Plaintiff also requests the Court enter a permanent injunction against Defendant restraining it from using the term "Helix Environmental" in connection with environmental services; and order that Defendant relinquish all rights in the Internet domain name helixenvironmental.com and direct Domains By Proxy, LLC; GoDaddy.com, LLC; or any other party in position to do so, to transfer the Internet domain name to Plaintiff.

Respectfully submitted,

Dated: February 4, 2019

Eastman & McCartney LLP

By:   /s/  Gary L. Eastman
       Gary L. Eastman, Esq.
       Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, the undersigned certify and declare as follows:

I am over the age of eighteen years and not a party to this action.  My business address is 401 West A Street, Suite 1785, San Diego, California, 92101, which is located in the county where the service described below took place.

On February 4, 2019, at my place of business in San Diego, California, I served a copy of the following document:

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT**

The undersigned hereby certifies that he caused a copy of the foregoing documents to be filed with the clerk of the U.S. District Court, Southern District of California, using the CM/ECF filing system, and a copy will be electronically mailed to the following recipients via ECF electronic service:

Chris Arledge, Esq.
One LLP
4000 MacArthur Blvd, East Tower Ste. 500
Newport Beach, CA 92660

Attorney for Helix Environmental and Strategic Solutions

I certify and declare under penalty of perjury under the laws of the United States of American and the State of California that the foregoing is true and correct.

Executed on February 4, 2019, in San Diego, California.

By:        /s/ Gary Eastman
              Gary Eastman