UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Helix Environmental Planning, Inc., Plaintiff, v. Helix Environmental and Strategic Solutions, Defendant. | Case No.: 18-cv-2000-AJB-NLS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT, (Doc. No. 9); DENYING PLAINTIFF'S MOTION FOR DEFAULT, (Doc. No. 7); and SETTING ASIDE ENTRY OF DEFAULT, (Doc. No. 6)** |
|---|---|

Before the Court is Plaintiff's motion for default, (Doc. No. 7), and Defendant's motion to set aside the default, (Doc. No. 9). Because it appears to the Court that both parties engaged in tactics leading to Defendant's default, the Court **GRANTS** Defendant's motion to set aside the default and allow the parties the opportunity to litigate Plaintiff's claims on the merits. Accordingly, the Court **SETS ASIDE** the Clerk's entry of default, (Doc. No. 6), and **DENIES** Plaintiff's motion for default, (Doc. No. 7).

## I. BACKGROUND

Plaintiff filed the complaint alleging service mark infringement, service mark and trade name infringement, unfair competition, false designation of origin, cybersquatting, business practices violations, and service mark infringement under California law. (Doc. No. 1.) Plaintiff—a company that provides environmental consulting services—alleges it registered its marks in 1991 and its domain name in 1999. (*Id.* ¶¶ 7–9.) Plaintiff

claims Defendants began using a very similar name in its advertising and services in 2016 doing substantially similar consulting services. (*Id.* ¶¶ 23–27.) Plaintiff argues the use of "Helix Environmental" interferes with their intellectual property rights. (*Id.* ¶ 31.)

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 55(c) provides that a court may set aside a default for "good cause shown." The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b). *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir.2001). The good cause analysis considers three factors:

> (1) whether [defendant] engaged in culpable conduct that led to the default; (2) whether [defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [plaintiff]. *See id.* As these factors are disjunctive, the district court was free to deny the motion "if any of the three factors was true." *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000).

Defendant bears the burden of showing any of the factors favor setting aside the default. *TCI Group*, 244 F.3d at 697.

## III. DISCUSSION

In Defendant's motion, Defendant explains the circumstances leading to the default. (Doc. No. 9-1 at 2.) After filing the complaint, Plaintiff contacted Defendant's counsel to discuss the case. (*Id.*) Soon thereafter, the parties discussed settlement. A month later, in mid-October 2018, Plaintiff gave Defendant a settlement proposal and requested a waiver of service. Plaintiff represented that if Defendant accepted the waiver, the complaint would be held in abeyance to allow 60 days to discuss settlement. This put the deadline to respond at December 24, 2018. (*Id.* at 3.)

Defendant then states that the parties continued to discuss settlement past this date. While waiting for a settlement counter-offer, Defendant requested another extension, but opposing counsel never responded. A few weeks later, Plaintiff finally responded but demanded "immediate capitulation by Defendant on all issues." (*Id.*) Defense counsel

attempted to reach out to opposing counsel but claims he was ignored. Plaintiff then filed the request for default, which was entered, and filed the currently-pending motion for default judgment. Defendant requests the Court set aside the entry of default.

Of course, Plaintiff paints a different picture. Plaintiff complains that for two years it requested Defendant quit using its mark, and that for two years Defendant refused. Plaintiff argues that Defendant did not participate in litigation until the motion for default judgement was filed. Plaintiff accuses Defendant's tactics as bad faith efforts to stall the case and to continue to infringe on Plaintiff's mark while avoiding the lawsuit. (Doc. No. 14 at 5.) However, Plaintiff's arguments assume that Defendant is willfully infringing on Plaintiff's mark. Plaintiff relies on this assumption to show why Defendant allegedly stalled during negotiations and to argue that they would be prejudiced should the Court set aside default. However, Plaintiff does not have a verdict in hand and cannot use that conclusory argument as evidence.

Under the good cause analysis, it appears that both parties engaged in conduct leading to the default. Looking at the whole picture, the Court finds both sides have a hand in creating the circumstances before the Court. Both parties have also placed blame with the other while taking no responsibility for its own contributions. However, the Court declines to place the lionshare of blame on Defendant and find that its own sole conduct contributed to its default. Second, Defendant states it has meritorious defenses, which the Court confirms are stated in its proposed answer. (Doc. No. 9-1 at 8; Doc. No. 9-3 at 8–11.) Third, there would be no prejudice to Plaintiff to set aside the default as the case is still in its infancy.

Additionally, Plaintiff requests sanctions if the Court sets aside the default, arguing that Defendant "inexcusably" neglected its obligations. (Doc. No. 14 at 17.) However, the Court **DENIES** that request because it appears to the Court that, as stated, both parties contributed to this issue.

Lastly, Defendant filed objections to Plaintiff's declarations attached to their opposition motion, which the Court **OVERRULES**. (Doc. No. 17.) These objections

surround Plaintiff's presentation of email correspondence between the parties and discussion of the legal standards for trademark infringement. First, the Court did not engage in any discussion about the case's substantive merits. Second, the Court finds the emails instructive but did not rest its decision on their content or existence.

## IV. PLAINTIFF'S SUPPLEMENTAL MOTION

Plaintiff filed a supplemental motion showing that as of the date of the motion's filing, June 27, 2019, Defendant's business was suspended with the California Franchise Tax Board. (Doc. No. 20 at 2.) Under California law, "corporate powers, rights and privileges . . . may be suspended" if a corporation fails to pay its franchise taxes. *See* Cal. Rev. & Tax. Code § 23301. While suspended, a corporation may neither prosecute nor defend an action, and it may not appeal from an adverse judgment. *Grell v. Laci Le Beau Corp.*, 73 Cal. App. 4th 1300, 1306 (Cal. Ct. App. 1999) (citing *Reed v. Norman*, 48 Cal. 2d 338, 343 (Cal. 1957); *Boyle v. Lakeview Creamery Co.*, 9 Cal. 2d 16, 20–21 (Cal. 1937)). However, corporate powers in these instances are only temporarily suspended, not dissolved. *Id.* (citing *Graceland v. Peebler*, 50 Cal. App. 2d 545, 547 (Cal. Ct. App. 1942)). As such, "[u]pon revival of its corporate powers, . . . the party may proceed with the prosecution or defense of the action." *Diverco Constructors, Inc. v. Wilstein*, 4 Cal. App. 3d 6, 12 (Cal. Ct. App. 1970).

Although Defendant's business might be currently suspended with the FTB, it could theoretically cure the suspension and continue participating in litigation. "[C]orporate revivor retroactively validates actions in the course of litigation such as . . . making and opposing of motions. . . ." *Ctr. for Self-Improvement and Cmty. Dev. v. Lennar Corp.*, 173 Cal. App. 4th 1543, 1553 (Cal. Ct. App. 2009) (citing *Diverco*, 4 Cal. App. 3d at 12). Thus, the Court determines this finding has no effect on the motions before it.

## V. CONCLUSION

Thus, the Court finds that Defendant has shown good cause for setting aside the default and thus **GRANTS** its motion. (Doc. No. 9.) The Court **DENIES** Plaintiff's motion for default judgement. (Doc. No. 7.) Finally, the Court **SETS ASIDE** the Clerk's entry of

default. (Doc. No. 6.) Defendant has until **July 17, 2019**, to file its answer, assuming it cures its corporate status issue.

**IT IS SO ORDERED.**

Dated: July 3, 2019

*/s/ Battaglia*
Hon. Anthony J. Battaglia
United States District Judge