Gary L. Eastman, Esq. (CSB #182518)
Eastman McCartney Dallmann LLP
401 West A Street, Suite 1785
San Diego, CA 92101
(619) 230-1144
Attorneys for Plaintiff
HELIX ENVIRONMENTAL PLANNING, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELIX ENVIRONMENTAL PLANNING, INC. a California corporation,<br><br>               Plaintiff,<br><br>   vs.<br><br>HELIX ENVIRONMENTAL AND STRATEGIC SOLUTIONS, a California corporation; and IVAN DEAN MYERS, an individual<br><br>             Defendants. | Case No.: 18cv2000 AJB AHG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE THE SETTLEMENT TERMS**<br><br>Judge:  Hon. Anthony J. Battaglia<br>Date:  January 21, 2021<br>Time:  2:00 p.m. |

1

## I.     INTRODUCTION

Plaintiff Helix Environmental Planning, Inc. ("Plaintiff") respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Enforce the Settlement Terms.  Plaintiff initiated this civil lawsuit in 2018 against Defendant Helix Environmental and Strategic Solutions ("HESS") and its president Ivan Dean Myers (collectively, "Defendants"), alleging trademark infringement, cybersquatting and unfair competition based upon Plaintiff's federal trademark registration for HELIX ENVIRONMENTAL PLANNING.  On June 12, 2020 during a mandatory settlement conference before Judge Allison Goddard, the parties agreed to a settlement and placed the material terms of said settlement on the record in open court.  The parties then executed a written Settlement Agreement ("the Agreement") memorializing the material terms.

Per the Agreement that all parties signed, Defendants were required to file a corporate name-change amendment with the California Secretary of State by no later than August 1, 2020, to change the name of HESS to remove any reference to "Helix" or "Helix Environmental."  To date, no such amendment has been filed despite Mr. Myers's repeated assurances to both Plaintiff and the Court that he had taken this contractually required step.  Over the past four months, Plaintiff has sent Mr. Myers multiple, repeated requests for assurance of Defendants' performance; in all instances, Mr. Myers has either stated falsely that he has filed the required paperwork, or he has chosen not to respond at all.  After four settlement disposition conferences following the June 2020 settlement conference, performance seems no closer to completion.  Defendants' failure to take any action four months after the name-change deadline also calls into question Defendants' willingness to perform their remaining obligations under the Agreement, namely the promised transfer of the www.helixenvironmental.com domain name to Plaintiff.  Because Defendants have taken no steps to perform and

---

MEMORANDUM ISO MOTION TO ENFORCE THE SETTLEMENT TERMS
Case No. 18-cv-2000 AJB AHG

have not responded to Plaintiff's attempts to communicate regarding performance, Plaintiff hereby moves this Court to enforce the settlement terms.

## II.      FACTS: PRE-SETTLEMENT

Plaintiff and Defendants are both environmental consulting companies based in Southern California.  Plaintiff has been using the name HELIX ENVIRONMENTAL PLANNING to advertise, offer, and sell its services since 1991. Plaintiff received a federal registration for HELIX ENVIRONMENTAL PLANNING on June 19, 2018 (Reg. No. 5,496,057). Registration on the Principal Register confers prima facie evidence that the trademark is valid. 15 U.S.C. § 1115.  Over nearly 30 years of continuous use in commerce, HELIX ENVIRONMENTAL PLANNING has come to be and is now recognized and relied upon by the trade and public as identifying and distinguishing Plaintiff's services and business reputation.

HESS is a newer environmental consulting company formed in 2016 by Mr. Myers.  Plaintiff and Defendants' respective services directly overlap, and in the environmental compliance field generally, the parties' respective services are commonly offered from the same source—creating a likelihood of confusion between Plaintiff and Defendants given that Defendants brand their services as "Helix Environmental and Strategic Solutions."

Without Plaintiff's permission, Defendants began using the term "Helix Environmental" in 2016 to advertise, offer, and sell environmental services in commerce.  Defendants' un-trademarked company name *Helix Environmental* and Strategic Solutions is confusingly similar to HELIX ENVIRONMENTAL PLANNING considering that the two companies are within the same field and both occupy the Southern California market.  Further, Defendants' domain name www.helixenvironmental.com contains nothing else besides Plaintiff's key term, falsely suggesting association with Plaintiff.

1        After good-faith efforts to resolve the matter out of court, Plaintiff filed a

2    complaint for federal trademark infringement, among other claims, in August

3    2018.  HESS failed to timely respond, forcing Plaintiff to file a motion for default

4    judgment to protect its trademark rights. (Decl. Eastman, ¶ 2.)  Ultimately, the

5    Court set aside default, allowing these proceedings to continue.  (Decl. Eastman, ¶

6    2.)  During the litigation process, Defendants have ignored discovery deadlines

7    (Decl. Eastman, ¶¶ 6-7), have missed court-ordered conferences that resulted in

8    sanctions that Defendants failed to pay (Decl. Eastman, ¶ 5), and failed to provide

9    this court or Plaintiff's counsel with an accurate address through which to

10    correspond with Defendants (Decl. Eastman ¶ 28).

11

12    **III.   FACTS: SETTLEMENT AND POST-SETTLEMENT**

13        On June 12, 2020, the parties reached a settlement at a mandatory

14    settlement conference before Judge Goddard.  During that conference, Michael

15    Schwerin (on behalf of Plaintiff) and Mr. Myers (on behalf of Defendants) agreed

16    to the material terms of the settlement.  (Decl. Eastman, ¶ 9.)  These material

17    terms included: (1) Defendants filing a name-change amendment with the

18    Secretary of State by August 1, 2020 in order to remove any reference to "Helix"

19    or "Helix Environmental" from the name of HESS; (2) Plaintiff's payment of

20    $1,000 to Defendants upon completion of the HESS name change; (3) Defendants

21    transferring ownership and control of the www.helixenvironmental.com domain

22    name to Plaintiff by no later than December 1, 2020; and (4) Plaintiff's payment

23    of $20,000 to Defendants upon completion of the domain name transfer.  (Decl.

24    Eastman, Ex. A, p. 4, lines 13-17 and p. 7, lines 10-19.)

25        The Court read the material terms into the record, and Mr. Schwerin for

26    Plaintiff and Mr. Myers for Defendants verbally assented to all terms.  (Decl.

27    Eastman, Ex. A, p. 6, line 12 and p. 8, lines 11-12.)  The Court then directed the

28    parties to promptly execute a written settlement agreement reflecting the material

1   terms placed on the record.  (Decl. Eastman, ¶ 10, Ex. A, p. 5, lines 20-23.)

2   Although Plaintiff sent Mr. Myers a draft copy of the Settlement Agreement

3   within one week, Mr. Myers failed to sign and return the Agreement until August

4   3, 2020, and only then after the Court contacted him following his failure to attend

5   the first settlement disposition conference on July 27, 2020. (Decl. Eastman, ¶¶

6   11-13; Dkt. No. 72.)  The Court scheduled a second settlement disposition

7   conference for August 3, 2020.  (Dkt. No. 70.)

8         During the August 3, 2020 conference, Mr. Myers stated that he had

9   recently filed the name-change amendment which was supposed to have been

10  filed by August 1.  (Decl. Eastman, ¶ 15.)  However, Mr. Myers had not in fact

11  filed the amendment.  Seeing that the Secretary of State records as of August 25,

12  2020 did not reflect any name-change filing, Plaintiff's counsel sent Mr. Myers a

13  blank copy of the name-change amendment form available from the California

14  Secretary of State, which Mr. Myers completed and sent to Plaintiff's counsel via

15  email on September 4, 2020 - the morning of the third settlement disposition

16  conference.  (Decl. Eastman, ¶¶ 17-19, Exs. F-G; Dkt. No. 72.)  Both in his email

17  and during the conference, Mr. Myers stated that he had recently *submitted* this

18  completed amendment form to the Secretary of State.  (Decl. Eastman, ¶¶ 19-20,

19  Exs. F-G.)

20        But now, more than two months later, the Secretary of State records still do

21  not reflect that any name-change amendment has been filed.  (Decl. Eastman, ¶¶

22  21-22.)  Over the past several months, Mr. Myers has not responded to any phone

23  calls or correspondence from Plaintiff's counsel, seeking an update on the status

24  of the name change; in fact, since June 18, 2020, Mr. Myers has not responded to

25  any of Plaintiff's counsel's correspondence without court intervention.  (Decl.

26  Eastman, ¶ 26.)  Defendants also have failed to keep a viable address on file with

27  the Court in violation of Local Rule 83.11, shown by the more than one dozen

28  letters recently returned to the Court (and to Plaintiff's counsel) representing

---

attempted communications over the past few months. (Dkt. Nos. 79-90; Decl. Eastman, ¶ 28.)  However, Plaintiff's counsel sent copies of key correspondence to Mr. Myers's home address as well, and none of those packages were returned. (Decl. Eastman, ¶¶ 11, 18, 28.)  Thus, the mailings that bounced from his office address were the result of Defendants' failure to keep a current address on file with the Court as required by Local Rule 83.11.  Mr. Myers presumably did receive the mailings sent to his home as none have been returned (Decl. Eastman, ¶ 28).

Defendants' failure to perform the most basic tasks required by the Settlement Agreement and lack of responsiveness prompted the Court to schedule yet another settlement disposition conference for November 18, 2020, the fourth such conference to date.  (Dkt. No. 77.)  Even though Plaintiff is willing and ready to perform its contractual obligations, the parties are presently no closer to completing contract performance than they were months ago when the Settlement Agreement was signed, making judicial enforcement of the settlement necessary.

## IV.   THE COURT SHOULD ENFORCE THE SETTLEMENT.

Enforcement of a settlement agreement follows the same principles as enforcement of contracts generally under California law.  *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 704 (9th Cir. 1989).  A settlement agreement is valid so long as the parties agreed to the contract, the parties had the capacity to contract, the contract is not illegal, and consideration exists.  *Lopez v. Charles Schwab & Co.*, 118 Cal. App. 4th 1224, 1230 (Ct. App. 2004), citing Cal. Civ. Code § 1550.  The Court has the equitable power to enforce a valid settlement agreement in a case pending before it.  *Maksoud v. Hopkins*, No. 3:17-cv-00362, 2019 U.S. Dist. LEXIS 136756, at *7 (S.D. Cal. Aug. 13, 2019), quoting *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987).  Moreover, the parties specifically consented to the Court's ongoing jurisdiction to enforce the terms of the

settlement, pursuant to the Settlement Agreement and the consent form that all parties signed and which the Court approved.  (Decl. Eastman, Ex. A, p. 2 par. 1; Dkt. No. 76.)

### A. The Settlement Agreement is Valid, Defendants Are in Breach, and Plaintiff Has Satisfied All Meet and Confer Requirements.

Here, there is no doubt that the Settlement Agreement is valid and binding on all parties.  In June 2020, Mr. Schwerin for Plaintiff and Mr. Myers for Defendants both verbally affirmed on the record that they agreed to the material terms of settlement and that they had the authority to bind their respective corporations to the agreement.  (Decl. Eastman, Ex. A, p. 6, lines 6-21 and p. 8, lines 2-12.)  Moreover, the Agreement was validly executed on August 3, 2020 by Mr. Schwerin on Plaintiff's behalf and on August 1, 2020 by Mr. Myers, both in his individual capacity and on behalf of his corporation Helix Environmental and Strategic Solutions.  (Decl. Eastman, Ex. B (signature blocks).)  The agreement has a lawful purpose, and consideration exists in the form of the mutual releases between Plaintiff and Defendants, as well as Defendants' promised corporate name-change and domain name transfer in exchange for payments from Plaintiff. Therefore, the Agreement is enforceable.

Defendants have materially breached the Agreement by failing to submit the required name-change amendment form to the Secretary of State, which was promised to have been completed on or before August 1, 2020.  More egregiously, Mr. Myers lied to the Court in August 2020, and again in September 2020, when he stated he had already sent said form to the Secretary of State by mail.  (Decl. Eastman, ¶¶ 15, 20.)  He even went as far as to send Plaintiff's counsel a filled-out amendment form in September 2020, only not to file it like he said he had.  (Decl. Eastman, ¶¶ 19-22, Exs. F-G.)  Had Mr. Myers submitted the amendment form as late as September 2020, it would have been received and processed long before

now; yet the current Secretary of State records show that HESS has not filed anything since April 2020.  (Decl. Eastman, ¶¶ 21-22.)  Defendants' deception regarding the status of the name change shows not only breach, but a willing and purposeful breach.

Plaintiff has satisfied all meet-and-confer requirements, justifying judicial enforcement of the Settlement Agreement.  Pursuant to the Agreement (Decl. Eastman, Ex. B, p. 3 par. 13), Plaintiff's counsel has attempted to meet and confer by contacting Mr. Myers via phone, email, and physical mail (both standard mail and FedEx) to resolve the dispute (Decl. Eastman, ¶¶ 17-18, 23-24).  Mr. Myers has ignored all of these correspondences, consistent with his failure to respond to all of Plaintiff's communication efforts regarding the settlement absent court intervention.  (Decl. Eastman, ¶ 26.)  The four settlement disposition conferences since June 12, 2020 have brought Plaintiff no closer to securing Defendants' compliance with the Agreement—prompting the Court set the briefing schedule for this motion to enforce the terms of the settlement.

### B. The Court Has Every Reason to Order Defendants' Compliance with the Settlement Agreement.

California has a strong public policy favoring enforcement of court-mediated settlement agreements.  *Osumi v. Sutton*, 151 Cal. App. 4th 1355, 1357 (9th Cir. 2007).  Courts have the authority to "order a party's specific performance of acts required by the settlement agreement and to award damages or other sanctions for noncompliance."  *Facebook, Inc. v. ConnectU, Inc.*, 2008 U.S. Dist. LEXIS 123593, at *11 (N.D. Cal. June 25, 2008), aff'd by *Facebook, Inc. v. Pac. North Software, Inc.*, 640 F.3d 1034, 1037-38 (9th Cir. 2011) (affirming district court's order compelling defendant corporation to transfer all of its shares to Facebook per the acquisition contemplated by the settlement).

1    In the instant case, the appropriateness of judicial enforcement is

2   uncomplicated.  In other cases, courts have enforced settlement agreements that

3   were never executed in writing, even despite disputes over material terms.  See

4   *Maksoud*, 2019 U.S. Dist. LEXIS 136756, at *5, *17 (enforcing settlement

5   agreement as placed on the record despite the parties' dispute over a release

6   provision); *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1140 (9th Cir. 2002)

7   (enforcing settlement agreement as captured in unexecuted written agreement

8   despite dispute over certain provisions).  There is no such dispute here and the

9   Settlement Agreement is straightforward; rather, Defendants have simply been

10   unwilling to comply for no apparent reason.

11    This case in fact resembles *Payrolling.com Corp. v. WMBE Payrolling,*

12   *Inc.*, in which this Court ordered the breaching party to take action consistent with

13   the parties' settlement agreement, which "detail[ed] a precise sequence of specific

14   performance by the parties to effectuate complete resolution under its terms."

15   *Payrolling.com Corp. v. WMBE Payrolling, Inc.*, No. 11-cv-1072, 2013 U.S. Dist.

16   LEXIS 40447, at *7 (S.D. Cal. Mar. 20, 2013).  In view of Defendants' repeated

17   false assurances of compliance, this case also resembles *First Advisory, LLC v.*

18   *American Water Star, Inc.*, in which this Court ultimately enforced a settlement

19   after initially being misled by the defendants' false assurances.  *First Advisory,*

20   *LLC v. Am. Water Star, Inc.*, No. 2:04-cr-01557, 2008 U.S. Dist. LEXIS 117501

21   (D. Nev. Mar. 12, 2008); see also *Edwards v. Trade Publ'g Ltd.*, No. 12-00023,

22   2013 U.S. Dist. LEXIS 43785 (D. Haw. Mar. 27, 2013) (court enforced settlement

23   agreement after being unable to contact the breaching party for a period of time).

24    Defendants continue to avoid all communications related to this case and

25   continue to breach the parties' Settlement Agreement by not submitting the

26   required name-change form and then providing false assurances to the Court once

27   challenged with the breach.  This habitual avoidance and evasion also seriously

28   calls into question Defendants' willingness to transfer the

---

www.helixenvironmental.com domain name to Plaintiff on or before December 1, 2020 as specified in the Agreement.  As a result, Plaintiff requests that this Court order Defendants to immediately comply with all terms of the Settlement Agreement.  Pursuant to section 27 of the Settlement Agreement, the Court should also require Defendants to compensate Plaintiff for its attorney's fees and costs associated with this motion and Defendants' delays that necessitated this motion. (Decl. Eastman, Ex. B, p. 5 par. 27; for an accounting of fees and costs, see Decl. Eastman, ¶¶ 27-33.)

## V. THE COURT SHOULD IMPOSE PUNITIVE SANCTIONS PENALIZING DEFENDANTS FOR THEIR DUPLICITY THROUGHOUT THESE PROCEEDINGS.

In addition to Plaintiff's attorney's fees and costs, the Court should impose additional sanctions to penalize Defendants for their duplicity throughout these proceedings.  A pro se litigant is not immune from sanctions for bad conduct. *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994); *Corrigan v. King Cty. Deputy*, 235 Fed. App'x 472, 473 (9th Cir. 2007) (imposing $10,000 sanctions against a pro se plaintiff for abuse of the judicial process).  Not only have Defendants avoided, evaded, and delayed at every stage of these proceedings—including failing to appear at a mandatory ENE and a settlement disposition conference—but they have blatantly lied to the Court on more than one occasion in order to mislead the Court into believing that performance of the Settlement Agreement was on track.  On August 3, 2020 and again on September 4, 2020, Mr. Myers falsely told the Court that he had already filed the required name-change amendment pursuant to the Agreement.  (Decl. Eastman, ¶¶ 15, 20.) Those assurances were knowingly untrue, as to date no amendment has been filed, and were meant to coax Plaintiff and the Court into not taking action to enforce the settlement.  (Decl. Eastman, ¶¶ 21-22.)

The instant case resembles *Leverty & Assocs. Law Chtd. v. Exley*, in which the court issued sanctions against the defendant who failed to appear at a case management conference, missed discovery deadlines, lost his counsel due to "irreconcilable differences," and ultimately failed to abide by a settlement agreement that the parties placed on the record in open court.  *Leverty & Assocs. Law Chtd. v. Exley*, No. 3:17-cv-00175, 2018 U.S. Dist. LEXIS 221766 (D. Nev. Nov. 5, 2018); see also *Doi*, 276 F.3d at 1140-41 (imposing $1,000 sanctions for failure to honor a settlement agreement placed on the record).  A court has the authority to impose punitive sanctions against party that "continues to show its disdain for this Court and the legal processes in place to ensure justice to served." *Hester v. Vision Airlines, Inc.*, No. 2:09-cv-00117, 2013 U.S. Dist. LEXIS 97565, at *18-*20 (D. Nev. July 12, 2013) (imposing $10,000 sanctions for willful misrepresentations repeatedly made to the Court); see also *ADO Fin., AG v. McDonnel Douglas Corp.*, 938 F. Supp. 590, 592 (C.D. Cal. 1996) (similarly awarding $10,000 in punitive sanctions for misrepresentations).

From the start of this lawsuit, Defendants have wasted judicial resources by failing to timely answer, missing discovery deadlines and mandatory conferences and now, ultimately, by lying to the Court and requiring judicial intervention to enforce the most basic terms of the Settlement Agreement.  Defendants also did not pay the court-ordered sanctions that they received in January 2020 due to their failure to attend the mandatory ENE after already postponing the conference once. (Decl. Eastman, ¶ 5.)  Months after the sanctions were due to be paid, Plaintiff agreed to waive the sanctions in exchange for Defendants' performance of the Settlement Agreement (Decl. Eastman, Ex. B. p. 3 par. 10), but Defendants have failed to honor the Agreement.  Defendants' shenanigans are calculated to preserve the status quo, deprive Plaintiff of the bargained-for-exchange of settlement, significantly increase the legal fees to Plaintiff, and waste precious

judicial resources.  Punitive sanctions are appropriate to deter such blatant, calculated, and long-term wrongdoing.

## VI.   CONCLUSION

Starting with their failure to timely respond to the initial complaint back in 2018, Defendants have avoided, evaded, and delayed at every stage of these proceedings.  Plaintiff expected that arriving at the Settlement Agreement would bring an end in sight to these proceedings; instead Defendants have simply continued using the same avoidance tactics that they were using prior to settlement.  Nor have the Court's four settlement disposition conferences over the past five months prompted any action from Defendants—even though Mr. Myers knows from his multiple interactions with the Court that his compliance is legally required.   At this point, "[i]t is hard to conceive of what more Plaintiff [must] do to seek judicial resolution of the controversy." *Constantino v. U.S. Bank, N.A.*, No. 09-00066, 2011 U.S. Dist. LEXIS 107795, at *23 (D. Haw. Sept. 23, 2011) (enforcing parties' settlement agreement after five failed settlement conferences).

Based on the foregoing, Plaintiff requests that the Court issue an order requiring Defendants to (a) immediately submit the completed name-change amendment that Defendants submitted on September 4, 2020 to Plaintiff's counsel to the California Secretary of State; and (b) take all necessary action to transfer the www.helixenvironmental.com domain name to Plaintiff on or before December 1, 2020.  Plaintiff is ready and willing to make the corresponding contractual payments to Defendants once each of these two tasks is completed.  However, Plaintiff anticipates that the total amount owed to Defendants will be offset by the attorney's fees and costs that Plaintiff will be due pursuant to section 27 of the Settlement Agreement.  (Decl. Eastman, Ex. B, p. 5 par. 27; for an accounting of fees and costs, see Decl. Eastman, ¶¶ 27-33.)  The Court may also, in its

discretion, impose additional monetary sanctions based upon Defendants' non-compliance and intentional misrepresentations to the Court.

Dated:  November 17, 2020          EASTMAN MCCARTNEY DALLMANN LLP


                                   By: /s/ Gary L. Eastman_____
                                       Gary L. Eastman, Esq.
                                   Attorney for Plaintiff HELIX
                                   ENVIRONMENTAL PLANNING, INC.

CERTIFICATE OF SERVICE

I, the undersigned certify and declare as follows:

I am over the age of eighteen years and not a party to this action.  My business address is 401 West A Street, Suite 1785, San Diego, California, 92101, which is located in the county where the service described below took place.

On November 17, 2020, at my place of business in San Diego, California, I served a copy of the following document:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE THE SETTLEMENT TERMS**

Via ECF The undersigned hereby certifies that he caused a copy of the foregoing documents to be filed with the clerk of the U.S. District Court, Southern District of California, using the CM/ECF filing system, and has forwarded a copy to be electronically and physically mailed to the following recipients:

*By email:*
ivandean620@gmail.com

*By mail:*
Ivan Dean Myers
11664 Pala Mesa Drive
Porter Ranch, CA  91326


I certify and declare under penalty of perjury under the laws of the United States of American and the State of California that the foregoing is true and correct.

Executed on November 17, 2020, in San Diego, California.

By:                                    /s/ Gary L. Eastman
                                       Gary L. Eastman