UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELIX ENVIRONMENTAL PLANNING, INC. a California corporation,<br><br>                                  Plaintiff,<br><br>v.<br><br>HELIX ENVIRONMENTAL AND STRATEGIC SOLUTIONS, a California corporation; and IVAN DEAN MYERS, an individual.,<br><br>                                  Defendant. | Case No.:  3:18-cv-02000-AJB-AHG<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO SEAL**<br><br>**(Doc. No. 94.)** |

Before the Court is Plaintiff Helix Environmental Planning, Inc.'s ("Plaintiff") motion to seal Exhibit B to the November 17, 2020 Declaration of Gary L. Eastman. (Doc. No. 94.) Exhibit B is a confidential settlement agreement filed in connection with Plaintiff's motion to enforce settlement agreement. (*Id.*) There is no opposition to Plaintiff's motion to seal. For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion.

I.   **LEGAL STANDARD**

The Court recognizes a "general right to inspect and copy public records and documents, including judicial records and documents," *Nixon v. Warner Commc'ns, Inc.*,

435 U.S. 589, 597, n.7 (1978), and a strong presumption of public access to the court's files, *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Where the moving party seeks to seal a dispositive motion and any attached documents, the presumption in favor of disclosure may be overcome if the moving party presents a "compelling reason" to seal. *Kamakana*, 447 F.3d at 1179. On the other hand, there is a weaker public interest in non-dispositive materials; accordingly, where the moving party seeks to seal documents filed in connection with a non-dispositive motion, the moving party need only show "good cause." *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

The "compelling reasons" standard applies to the motion to enforce settlement agreement because granting that motion would "serve as a substitute for trial" and dispose of this proceeding. *See Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016), cert. denied sub nom. *FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (rejecting argument that compelling reasons standard applies only to motions that are "literally dispositive," and finding it also applies to motions that go "to the heart of the case," or that are "more than tangentially related to the underlying cause of action").

In general, a "compelling reason" is sufficient to outweigh the public's interest in disclosure and to justify sealing a court record when the court files might become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *See Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598); *see also Pintos*, 605 F.3d at 679 n.6. That the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *See Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1135).

## II.   DISCUSSION

Plaintiff fails to specifically address how the terms of the settlement agreement

meets the standards for sealing. *See Kamakana*, 447 F. 3d at 1179; *see also Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 59886570, at *1 (N.D. Ca. Nov. 29, 2012). While courts in the Ninth Circuit have accepted private confidentiality agreements as "good cause" justification for sealing non-dispositive motions and ancillary documents, *see, e.g.*, *Skokomish Indian Tribe v. Goldmark*, No. C13-5071JLR, 2013 WL 6086075, at *2 (W.D. Wash. Nov. 19, 2013), the mere fact that the parties' settlement agreement may contain a confidentiality provision, without more, does not constitute a compelling reason to seal the information. *See Foltz*, 331 F.3d at 1137–38; *see also Select Portfolio Servicing v. Valentino*, No. C 12–0334 SI, 2013 WL 1800039, at *3 (N.D. Cal. Apr. 29, 2013) ("That [the parties] agreed among themselves to keep the settlement details private, without more, is no reason to shield the information from . . . the public at large."). The Court thus finds this basis insufficient to justify sealing alone.

## III.  CONCLUSION

Plaintiff's conclusory statement that the agreement contains a confidentiality clause, without more, does not "rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1178; *see also Scientific Games Corporation v. AGS LLC*, 2017 WL 1228412, at *2 (D. Nev. April 3, 2017). Further, Plaintiff fails to demonstrate that the request to seal is narrowly tailored and fails to address whether redaction, rather than sealing, is appropriate.

As such, the Court **DENIES** Plaintiff's motion to seal **WITHOUT PREJUDICE**. Plaintiff may file a renewed motion to seal, and proposed order, addressing the deficiencies noted in this order by **January 20, 2021**. Exhibit B will remain temporarily sealed until a determination on any renewed motion is reached.

**IT IS SO ORDERED.**

Dated:  January 12, 2021

Hon. Anthony J. Battaglia
United States District Judge

3